```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


STARO ASSET MANAGEMENT, LLC,    )
                                )
        Plaintiff,              )
    vs.                         )
                                )  Civil Action No. 02-886
HARRY J. SOOSE,                 )
                                )
        Defendant.              )
```

**MEMORANDUM**

Pending before the Court is the Motion of Defendant Harry J. Soose to strike and dismiss the amended complaint filed by Plaintiff, Staro Asset Management, LLC ("Staro.") (Docket No. 28.) In short, Mr. Soose argues that Plaintiff "blatantly ignored" the parameters established in a Memorandum and Order of November 22, 2004, in which the Court granted Plaintiff's motion to re-open this case and allowed it to file an amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. (Docket No. 26, "the November 22 Memorandum.") For the reasons which follow, Defendant's Motion is denied.

**I.   INTRODUCTION**

   A.   Factual Background

        The factual history of this case was set out in the Memorandum dated March 12, 2004 (Docket No. 20), and will not be revisited in detail. We note only that Plaintiff's claims arise

from its investments in December 2001 of more than $37 million in debt securities issued by IT Group, Inc.[1] ("IT Group" or "the Company"), a publicly traded corporation engaged in waste disposal and related businesses.  Defendant Soose was the Senior Vice President, Chief Financial Officer, and Principal Financial Officer of the Company from July 1999 through 2001.  Staro contends that it invested in the Company in reliance on reports prepared under Mr. Soose's direction and filed by the Company with the Securities and Exchange Commission for fiscal year 2000 and the first three quarters of fiscal year 2001.  Plaintiff claims those reports contained accounts receivable amounts which Defendant knew were overstated, that he failed to disclose this information, and failed to correct it.  Staro and its investment clients subsequently suffered a loss of more than $9.5 million after the Company filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware.

    B.    <u>Procedural History</u>

On May 13, 2002, Staro commenced this civil action against Defendant Soose and two other IT Group senior officers, Anthony J. DeLuca and James J. Pierson, asserting violations of Sections 10(b), 18 and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78r, 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5; common law fraud; and negligent

---

[1] IT Group is not party to this suit.

misrepresentation.  In response to separate motions filed by Mr. Soose and by Defendants DeLuca and Pierson, the Court dismissed Counts I through IV of Plaintiff's complaint without prejudice on March 12, 2004 (Docket No. 20), basing that decision, *inter alia*, on Plaintiff's failure to plead its case with the heightened particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b).[2]

Plaintiff thereafter timely filed a motion seeking leave to file an amended complaint in which Staro sought to cure the deficiencies identified by the Court in its March 12, 2004 opinion.  (April 13, 2004, Docket No. 21.)  Plaintiff pointed out that in the period between filing of the initial complaint and the decision granting the motions to dismiss, numerous details had emerged through the Company's bankruptcy proceedings and lawsuits brought by other investors in IT Group, thus Staro would now be able to plead its case with the required particularity. The three Defendants opposed this motion, arguing that the proposed amended complaint did nothing to cure the deficiencies of the Amended Complaint, but was once again "based on the false assumption that there 'must have been' fraud because IT Group

---

[2]  Count V was dismissed with prejudice because at the time the allegedly negligent misrepresentations were made, Staro did not own IT Group securities and the defendants therefore did not have a duty that extended to Staro.

3

wrote off a significant amount of receivables and the defendants were high level executives who 'must have known' that the receivables previously had been overstated." (Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File Amended Complaint, Docket No. 24, at 2.)

On November 22, 2004, the Court granted Plaintiff's motion, but in a Memorandum opinion addressed certain shortcomings of the amended complaint as proposed. Promptly after Plaintiff filed its Amended Complaint on December 13, 2004, Defendant Soose filed a Motion to Strike and Dismiss the Amended Complaint, this time arguing that the Amended Complaint exceeded the narrow scope to which Plaintiff had been limited in the November 22 Memorandum.

**II.  ANALYSIS**

It appears Mr. Soose's current arguments pertain only to Counts I and II of the Amended Complaint since he does not address any portion of the Amended Complaint that alleges violation of Section 20(a) or common law fraud, i.e., Counts III and IV. Defendant bases his motion to strike and dismiss on Federal Rules of Civil Procedure 12(b)(6), 12(e), 12(f), and 41(b).[3] (Memorandum of Law in Support of Motion to Strike and Dismiss the Amended Complaint, Docket No. 29, "Def.'s Memo," at 3.) Each of these will be addressed in turn.

---

[3] Defendant also states that his Motion is based on the PSLRA, but offers no arguments in this regard except a single reference to the heightened standards thereunder. *See* Def.'s Memo at 4.

A.  <u>Rule 12(b)(6)</u>

Federal Rule of Civil Procedure 12(b)(6) provides that

> [e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted.

Fed. R. Civ. P. 12(b). Defenses and Objections- How Presented.

"A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and drawing all reasonable factual inferences in favor of the plaintiff, it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would warrant relief." <u>Cal. Pub. Emples.' Ret. Sys. v. Chubb Corp.</u>, 394 F.3d 126, 143 (3d Cir. 2004). The defendant bringing a motion to dismiss under Rule 12(b)(6) has the burden of showing that no claim has been stated. <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u>, 926 F.2d 1406, 1409 (3d Cir.), *cert. denied*, 501 U.S. 1222 (1991). "Rule 12(b)(6) is the appropriate procedural mechanism for dismissing an entire claim or complaint, as opposed to individual allegations in support of it, as legally insufficient." <u>In re Westinghouse Sec. Litig.</u>, CA No. 91-354, 1998 U.S. Dist. LEXIS 3033, *9-*10 (W.D. Pa. Mar. 19, 1998). Defendant does not argue that any entire claim in the Amended

Complaint should be dismissed, but refers repeatedly to striking allegations which the Court found "not persuasive" or "insufficient." (Def.'s Memo at 4-6.)

In the November 22 Memorandum, we determined that Plaintiff had satisfied the heightened pleading requirements with regard to the claims against Mr. Soose. *See* November 22 Memorandum at pages 12, 14, 15 and 23. We concluded just the opposite with regard to the claims against Defendants DeLuca and Pierson. The Amended Complaint, as filed, removes all claims against Messrs. DeLuca and Pierson, referring to them only in the context of factual allegations. *Compare*, e.g., ¶ ¶ 11 and 13 of the proposed amended complaint with ¶ 14 of the Amended Complaint, and references throughout the proposed amended complaint to "Defendants," i.e., Soose, Pierson and DeLuca, with references in the Amended Complaint only to "Soose."

Mr. Soose objects to the way in which Plaintiff responded to the Court's conclusion on page 17 of the Memorandum where we stated that the allegations regarding the Company's "unreasonably optimistic estimates in its application of the percentage of-completion method," for example, were conclusory and unsupported by particularized facts. Defendant contends the allegations regarding these estimates should have been deleted because Plaintiff failed to allege additional facts. (Def.'s Memo at 5.) However, Plaintiff removed the language regarding "unreasonably

optimistic estimates" at ¶ 55(G), as well as the allegations that the Company's descriptions of its operations were false and misleading at ¶ 55(I), another claim which we found unsupported. In determining that certain allegations were "unpersuasive" or not "sufficient to support" a given conclusion, it was not the intent of the Court to require Plaintiff to remove those allegations entirely.  Those descriptions simply state our conclusion that the allegations did not achieve the goal Plaintiff apparently intended.

Defendant's Motion pursuant to Rule 12(b)(6) is denied because the specific claims to which he objects have already been satisfactorily addressed by Staro and because the arguments he raises concerning individual allegations are more properly considered under a Rule 12(f) motion, addressed immediately below.

B.   Rule 12(f)

Defendant claims that pursuant to Fed. R. Civ. P. 12(f), the Court should strike "any redundant, immaterial, impertinent, or scandalous matter" in the Amended Complaint.  Mr. Soose argues that the Court limited Plaintiff's Amended Complaint "only to allegations relating to duty to correct based upon information Defendant Soose knew as of December 7, 2001." Consequently, all assertions not related to this claim must be struck.  Defendant claims he will be prejudiced in that answering

such unrelated allegations will be difficult, they will complicate discovery and summary judgment, and will distract from issues which may arise at trial.  (Def.'s Memo at 6-7.)

Rule 12(f) motions are generally disfavored and the burden is on the movant to show that the disputed allegations "have no possible relation to the controversy and may cause prejudice to one of the parties, or . . . confuse the issues." In re Westinghouse Sec. Litig., 1998 U.S. Dist. LEXIS 3033, *12 (internal citations and quotations omitted).  "Motions to strike factual allegations will be denied when, although the averments state no independently actionable claim, they are so connected with the subject matter of the suit that it [sic] might be deemed to present a question of law or fact that the court ought to hear." Id. at *12-*13 (internal quotation omitted).  In the Westinghouse case, the defendants presented a seven-and-a-half page chart identifying specific portions of fourteen paragraphs of the proposed amended complaint, arguing in each case that the averments related to matters already dismissed with prejudice. Judge Brooks Smith denied the defendants' Rule 12(f) motion, concluding that "although they have demonstrated that the averments did support claims that have been finally and permanently dismissed, defendants have not, in other than the most conclusory terms, explained how those factual allegations are wholly unrelated to the surviving claims." Id. at *16-*17.

Mr. Soose does not identify the specific portions of the Amended Complaint to which he objects, referring only to "allegations that this Court already held to be insufficient or conclusory." (Def.'s Memo at 7.) Other than the vague complaints above regarding difficulty in responding to the Amended Complaint and complications that might arise at summary judgment or trial, he does not explain the prejudice he would suffer if the unidentified allegations are not struck. In sum, Mr. Soose has done far less than the defendants in the Westinghouse litigation to satisfy the requirements of a Rule 12(f) motion and the Court declines to make such efforts on his behalf. To the extent his Motion to Dismiss or Strike is based on Rule 12(f), it is denied.

    C.    <u>Rules 12(e) and 41(b)</u>

    Rule 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed. R. Civ. P. 12(e). Defenses and Objections – Motion For More Definite Statement.

Courts have interpreted the phrase "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading" to mean that the motion should only be granted where the pleading is unintelligible or the issues cannot be determined. Martek Biosciences Corp. v. Nutrinova Inc., CA No. 03-896 GMS, 2004 U.S. Dist. LEXIS 20469, *5 (D. Del. Oct. 8, 2004) (internal citations omitted). This Rule has been applied in fraud cases where the pleading has failed to satisfy the heightened pleading requirements of Rule 9(b). Martek, id.

Defendant concedes that the November 22 Memorandum at no point required Plaintiff to provide a more definite statement of its claims, but he argues that the Court did require Plaintiff to "identify the specific errors contained in the defendants' statements and . . . identify when these errors were discovered such that the duty to correct was triggered." (Def.'s Memo at 8, *citing* November 22 Memorandum at 12.) Mr. Soose argues that Plaintiff's failure to comply with this "mandate" allows the Court to strike the Amended Complaint pursuant to the last sentence of Rule 12(e). (Def.'s Memo, id.)

A more careful reading of the November 22 Memorandum should demonstrate to Defendant that the language to which he refers is a statement of law drawn from In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1431 (3d Cir. 1997), not a mandate to Staro. On page 13 of the November 22 Memorandum, we concluded

that Plaintiff had pled with sufficient particularity the allegation and the factual support discussed in this portion of the opinion.

Since Defendant bases his argument only on Plaintiff's above-described purported failure to comply, rather than on complaints of generalized unintelligibility, to the extent his Motion is based on Rule 12(e), it is denied.

In the same section of his Memorandum of Law, Mr. Soose argues that Rule 41(b) provides alternative grounds for dismissal of the Amended Complaint.  (Def.'s Memo at 8.)  This Rule provides in relevant part that a defendant may move for dismissal of an action or specific claims against him "[f]or failure of the plaintiff . . . to comply with . . . any order of court."  Rule 41(b) is an extreme sanction and must be applied with caution. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  "It is a measure reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff."  Beckman v. Integrated Sys. Int'l, Inc., CA No. 88-4534, 2002 U.S. Dist. LEXIS 19394, *6 (E.D. Pa. Sept. 30, 2002), *citing* Poulis.

Inasmuch as we have already determined that Defendant mis-read the portion of the November 22 Memorandum on which he bases his Rule 12(e) argument regarding a Court mandate, it stands to reason that there was no "order of court" with which Plaintiff

failed to comply.  Thus, to the extent Defendant's Motion is based on Rule 41(b), it is denied.

### III. CONCLUSION

The Court is satisfied that the Amended Complaint filed by Staro Asset Management, LLC, adequately complied with the Order of Court issued on November 22, 2004, and finds that Defendant's arguments in his Motion to Strike or Dismiss are unavailing at this point in the litigation.  An appropriate Order follows.